Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4619 N. Ravenswood Ave., Suite 303A
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ALVIN JOHNSON

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| ALVIN JOHNSON, | ) |
| Plaintiff, | ) Case No.: 2:15-at-195 |
| v. | ) |
| CONVERGENT OUTSOURCING, INC., | ) **PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ALVIN JOHNSON ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, CONVERGENT OUTSOURCING, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the

> Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

9. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state claims contained within.

10. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in the Broderick, Yolo County, California.

13. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3).

14. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(h).

16. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code

§1788.2(c).

17. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

18. Defendant is a collection agency located in Renton, King County, Washington.

19. Defendant is a business entity engaged in the collection of debt within the State of California.

20. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

21. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

22. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

23. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

24. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

25. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

26. Defendant is attempting to collect an alleged debt originally owed to Dish Network and disputed by Plaintiff.

27. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

28. On or about September 22, 2014, Defendant began placing collection calls to Plaintiff on a nearly daily (every day except Sunday) basis.

29. Defendant calls Plaintiff on Plaintiff's cellular telephone at 916-743-15XX in an attempt to collect the alleged debt.

30. Defendant calls Plaintiff from several telephone numbers, including 916-382-8348, 916-382-7947, and 916-382-7192

31. On or about September 22, 2014, Plaintiff answered one of Defendant's collection calls.

32. During the aforementioned collection call:

    a. Defendant's collector informed Plaintiff that the debt Defendant is attempting to collect from Plaintiff arises from a debt originally owed to Dish Network;

    b. Plaintiff responded by informing the collector that Plaintiff has disputed and continues to dispute the alleged debt originally owed to Dish Network;

    c. Plaintiff also told Defendant's collector to stop calling Plaintiff; and

    d. Defendant's collector responded to Plaintiff by telling Plaintiff that the Defendant did not care that the debt was in dispute and Defendant would continue to call Plaintiff.

33. Defendant's collector was not bluffing during the aforementioned collection call. Defendant's collectors continued to place nearly daily collection calls to Plaintiff—up to four (4) times per day.

34. Plaintiff has had to repeat himself by telling Defendant's collectors approximately three (3) different times that Plaintiff continues to dispute owing the alleged debt and to stop calling him, to no avail.

35. During the aforementioned collection calls from Defendant that Plaintiff did answer, Plaintiff was greeted by a prerecorded or artificial voice stating that Plaintiff should "wait for the next available agent," or similar words to that effect, before Plaintiff was connected to a live

collector.

36. Defendant called Plaintiff using an autodialer system.

37. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

38. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

39. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

40. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

41. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

42. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

43. Plaintiff is not a customer of Defendant's services, and has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

44. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

45. The natural consequences of Defendant's collectors' statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

46. The natural consequences of Defendant's collectors' statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

47. The natural consequences of Defendant's collectors' statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant persisted in its attempt to collect an alleged debt from Plaintiff when its collectors continuously placed collection calls to Plaintiff, up to four (4) times per day, despite being told by the Plaintiff that he disputes the alleged debt and for Defendant's collectors to stop calling him;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant persisted in its attempt to collect an alleged debt from Plaintiff when its collectors continuously placed collection calls to Plaintiff, up to four (4) times per day, despite being told by the Plaintiff that he disputes the alleged debt and for Defendant's collectors to stop calling him;

   c. Defendant violated §1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant's collector told Plaintiff that the Defendant did not care that the debt was in dispute and Defendant would continue to call Plaintiff in response to Plaintiff informing Defendant's collector

that Plaintiff disputes the alleged debt; and

    d. Defendant violated §1692g(b) of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt when Defendant's collector told Plaintiff that the Defendant did not care that the debt was in dispute and Defendant would continue to call Plaintiff in response to Plaintiff informing Defendant's collector that Plaintiff disputes the alleged debt.

WHEREFORE, Plaintiff, ALVIN JOHNSON, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

51. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff repeats and re-alleges paragraphs 1-47 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

53. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called when Defendant persisted in its attempt to collect an alleged debt from Plaintiff when its collectors continuously placed collection calls to Plaintiff, up to four (4) times per day, despite being told by the Plaintiff that he disputes the alleged debt and for Defendant's collectors to stop calling him;

    b. Defendant violated the §1788.11(e) by communicating by telephone with the debtor

   with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances when Defendant persisted in its attempt to collect an alleged debt from Plaintiff when its collectors continuously placed collection calls to Plaintiff, up to four (4) times per day, despite being told by the Plaintiff that he disputes the alleged debt and for Defendant's collectors to stop calling him; and

   c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq. as detailed above in Count I.

WHEREFORE, Plaintiff, ALVIN JOHNSON, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

54. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

55. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

56. Any other relief that this Honorable Court deems appropriate.

### COUNT III
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

57. Plaintiff repeats and re-alleges paragraphs 1-47 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

58. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

59. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled

an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ALVIN JOHNSON, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

62. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

63. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

64. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

65. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  January 2, 2015			AGRUSS LAW FIRM, LLC

By: /s/  Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
ALVIN JOHNSON